United States District Court
Southern District of Texas
ENTERED
October 28, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICHOLAS DAVID MOSQUERA, (TDCJ # 02377827), | § | |
| *Plaintiff,* | § | |
| vs. | § | CIVIL ACTION NO. H-26-9409 |
| BRETT LIGON, *et al.*, | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Nicholas David Mosquera, (TDCJ #02377827), is currently incarcerated at the Gib Lewis Unit of the Texas Department of Criminal Justice–Correctional Institutions Division. Proceeding *pro se*, he has filed a civil rights complaint under 42 U.S.C. § 1983, alleging that various Montgomery County officials violated his rights by failing to turn over what he contends is exculpatory evidence in relation to his 2022 state-court criminal conviction in Montgomery County Cause Number 20-11-14063. (Dkt. 1). He has neither paid the filing fee nor moved to proceed *in forma pauperis*. Because Mosquera is no longer entitled to proceed *in forma pauperis*, his action is dismissed as explained below.

## I. DISCUSSION

Because Mosquera is incarcerated, his action is governed by the Prison Litigation Reform Act (PLRA), which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding *in forma pauperis*. *See Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under the "three-strikes rule" established in the PLRA, a prisoner may not bring a civil action *in forma pauperis* if, while he has been incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Court records reflect that, while Mosquera has been incarcerated, he has filed at least three civil actions that the courts have dismissed as frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Mosquera v. City of Conroe, Tex.*, No. 4:23-cv-698 (S.D. Tex. Mar. 21, 2023) (dismissed for failing to state a claim); *Mosquera v. Collier, et al.*, No. 4:24-cv-284 (S.D. Tex. June 28, 2024) (dismissed for failing to state a claim); *Mosquera v. Conroe, Tex*, No. 4:25-cv-6382 (S.D. Tex. July 29, 2026) (dismissed for failing to state a claim). As a result of these prior filings, Mosquera may not proceed with this civil action *in forma pauperis* unless his pleadings show that he is in imminent danger of serious physical

injury. *See* 28 U.S.C. § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).

The imminent-danger exception "operates as a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future imminent serious physical injury by prison officials will still be able to pursue a judicial remedy to prevent such injury." *Castillo v. Bickham*, No. 14-2917, 2015 WL 251708, at *3 (E.D. La. Jan. 20, 2015). To fall within the exception, the inmate must be in imminent danger of serious physical injury when he files his complaint in the district court. *See Baños*, 144 F.3d at 884-85. The threat of injury must be "real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and the inmate must be facing "a genuine emergency" in which "time is pressing." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) ("'Imminent' dangers are those dangers which are about to occur at any moment or are impending[, and] [s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"). Allegations of past harm do not trigger the exception. *See Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam); *Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *1 (N.D. Tex. Dec. 17, 2013). Further, "[p]risoners cannot

exempt themselves from the operation of § 1915(g) by claiming that they are in imminent danger at all times and under all circumstances." *Morris v. Walls*, No. 19-cv-0006-DC, 2019 WL 12336299, at *3 (W.D. Tex. Jan. 14, 2019); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 n.1 (3d Cir. 2001) (generalized complaints of ongoing harassment, conspiracies to harm the plaintiff, or other forms of retaliation are insufficient to show an imminent danger of serious physical injury for purposes of § 1915(g)). And importantly, the threat of imminent serious physical injury must also be related to the allegations in the plaintiff's complaint. *See, e.g., Judd v. Fed. Election Comm'n*, 311 F. App'x 730, 731 (5th Cir. 2009) (per curiam); *Stine*, 571 F. App'x at 354 (rejecting a claim of imminent danger when the plaintiff did not "plausibly plead any connection between the alleged imminent danger" and his claims).

Mosquera's complaint contains no allegations showing that he is in imminent danger of serious physical injury. His claims challenging the validity of his state-court conviction simply do not implicate any threat of physical injury, imminent or otherwise. Because Mosquera does not allege facts to show that falls within the imminent-danger exception to the three-strikes rule, he is not entitled to proceed *in*

*forma pauperis* in this action.[1] As he has not paid the filing fee and may not proceed *in forma pauperis*, his action must be dismissed.

## II. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The prisoner civil-rights action filed by Nicholas David Mosquera, (Dkt. 1), is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).
2. All pending motions are **DENIED as moot**.
3. Mosquera may move to reinstate this case only if he pays the full amount of the filing fee for a civil action ($405.00) within 30 days from the date of this Order.

The Clerk will provide a copy of this Order to the plaintiff.

SIGNED at Houston, Texas on Oct 27, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE

[1]The Court notes that even if the filing fee were paid, Mosquera's claims arising out of his state-court conviction are barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), which precludes any cause of action under § 1983 that would necessarily imply the invalidity of a plaintiff's conviction or sentence unless the conviction has been previously invalidated through proper channels.